1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

BARNEY NG,

Plaintiff,

12

vs.

13

WELLS FARGO FOOTHILL LLC, *et al.*,

14
15

Defendants.

Case No. 2:12-cv-08942-MMM (AJWx)

**PROTECTIVE ORDER**

**DISCOVERY MATTER**

16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREAS, each of the parties to the above-captioned action pending in this Court, *Barney Ng v. Wells Fargo Foothill LLC et al.*, No. 2:12-cv-08942-MMM (AJWx) (the "Action"), Plaintiff Barney Ng ("Ng" or "Plaintiff"), on the one hand, and Defendants Wells Fargo Foothill LLC; Wells Fargo Capital Finance, LLC; and Wells Fargo Bank, N.A. (collectively, "Wells Fargo" or "Defendants"), on the other hand, (inclusively, the "Parties"), may produce or seek discovery of documents, information, or other materials that may contain or relate to personal, confidential, proprietary, financial, or trade secret information of another party or a third party;

IT IS HEREBY ORDERED that the following Protective Order be entered in this Action:

**A.     SCOPE OF THIS PROTECTIVE ORDER.**

1.     This Protective Order shall govern the production, use, and handling of confidential documents, testimony, information, and things (collectively, "Materials") produced or created by any party in any form in this litigation including, *inter alia*, in disclosures pursuant to Federal Rule of Civil Procedure 26, depositions, and responses to written discovery.

2.     As used herein, the term "Confidential Information" includes testimony and records, including but not limited to discovery responses, whether hardcopy or electronic, that contain confidential and/or proprietary trade secret information, whether personal information, such as information regarding employees' personal and employment information, including, without limitation, social security numbers and personal bank account numbers, or business-related information, such as information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial, or commercial information, or other confidential research, development, or commercial information, including, but not limited to, technical and competitively-sensitive information protected by law, non-public contracts, non-public customer lists, past marketing plans, past business/strategic plans, and information

protected by the federal Constitution, California's constitution, and any other right to privacy.

3.      As set forth below, Materials containing Confidential Information may be designated as "Confidential" and are hereafter referred to as the "'Confidential' Materials."  Such designation may be made by any Party or non-party producing Materials in this action ("Producing Party"), or may be made by a Party who determines, in good faith, that Materials produced by a non-party contain Confidential Information ("Designating Party") even though not so designated by the Producing Party.

4.      In the event that additional parties join or are joined in this Action, they shall not have access to "Confidential" Materials pursuant to this Protective Order until they have executed and, at the request of any Party, filed with this Court their agreement to be bound by this Protective Order.

**B.      DESIGNATION OF MATERIALS AS CONFIDENTIAL.**

5.      Confidential Information shall include only such information as the Producing or Designating Party in good faith contends should be protected pursuant to this Protective Order.  The designation of information as Confidential shall constitute a representation that such Materials have been reviewed by an attorney for the Producing Party or Designating Party and that there is a valid basis for such designation.

6.      In making the designation of "Confidential" Materials pursuant to this Protective Order, the Producing Party or Designating Party shall give due consideration, to the extent known or subject to discovery through a reasonable investigation, to whether the information contained in the Materials (1) has been produced, disclosed or made available to the public in the past, (2) has been published, communicated or disseminated to others not obligated to maintain the confidentiality of the information contained therein, (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality, or (4) is available from a third party or commercial source that is not obligated to maintain its confidentiality or privacy.

**[PROPOSED] PROTECTIVE ORDER**

The Producing Party or Designating Party shall also give due consideration to the age of the Materials.

7.     The protection of this Protective Order for Confidential Information may be invoked with respect to Materials in the following manner:

(i)     Documents when produced or otherwise designated shall bear the clear and legible designation "Confidential" on each page of the document, except that in the case of multi-page documents bound together by staple or other permanent binding, the "Confidential" legend need only be affixed to the first page in order for the entire document to be treated as "Confidential."  Documents produced prior to the entry of this Protective Order may be designated as "Confidential" within thirty (30) days after entry, and documents produced by non-parties may be designated "Confidential" by a Party within thirty (30) days after such production;

(ii)     As to discovery requests or the responses thereto, the pages of such requests or responses containing Confidential Information shall be so marked, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains Confidential Information";

(iii)     As to deposition testimony, "Confidential" treatment may be invoked by: (1) declaring the same on the record at the deposition with instructions to so designate the cover of the deposition transcript, or (2) designating specific pages as "Confidential" and serving such designations within thirty (30) days of receipt of the transcript of the deposition in which the designations are made.  All deposition testimony shall be treated as "Confidential" pending receipt of a transcript of the deposition; and

(iv)     As to any other type of Materials constituting or containing Confidential Information, including, without limitation, media, compact disks and drives, such Materials shall be marked as "Confidential" as to make the label clear and easily identifiable, such as by labeling the cover and media.

[PROPOSED] PROTECTIVE ORDER

8.     The designation of "Confidential" Materials pursuant to this protective order shall be made in addition to, not in lieu of, appropriate Bates numbering.

9.     If any Producing Party inadvertently produces or discloses any Confidential Information without marking it with an appropriate legend, the Producing Party shall promptly notify the receiving party that the Materials should be treated as "Confidential" Materials in accordance with the terms of this Protective Order, and shall forward appropriately stamped copies of the items in question.  Within five (5) days of the receipt of substitute copies, the receiving party shall return the previously unmarked items and all copies thereof.  The inadvertent disclosure shall not be deemed a waiver of confidentiality (or any other privilege or immunity), and such designation shall be made as soon as possible after the discovery of the inadvertent production or disclosure.

10.     Nothing contained herein shall prevent a Party from redacting from the Materials it produces matter that the Producing Party claims is a "Personal Identifier" according to Local Rule 79-5.4, or is subject to attorney-client privilege, work product doctrine, a legal prohibition against disclosure, or other privileges or immunities.

## C.     CHALLENGES TO "CONFIDENTIAL" DESIGNATION.

11.     Any Party believing Materials designated as "Confidential" by another are not entitled to such designation shall notify the Producing Party or Designating Party of that belief in writing, provide a brief statement of the basis for that belief with service on all other Parties, and allow ten (10) days for the Producing Party or Designating Party to respond.

12.     If a Producing Party or Designating Party does not modify its designation of the Materials in response to a notice pursuant to paragraph 11 of this Protective Order, then the Party challenging the "Confidential" designation may take appropriate action pursuant to Central District of California Local Rule 37-1, 37-2, and 79-5.1.  To maintain "Confidential" status, the burden shall be on the proponent of confidentiality to show that the Materials are entitled to protection under applicable law.  Unless and

[PROPOSED] PROTECTIVE ORDER

until a "Confidential" designation is voluntarily withdrawn by the Producing Party or Designating Party, or this Court issues an order modifying or removing such designation, the Materials shall be treated as "Confidential" for purposes of this Protective Order.

**D.     DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL.**

13.    "Confidential" Materials, as well as summaries, excerpts and extracts thereof, shall not be disclosed to or made accessible to any person except as specifically permitted by this Protective Order.  "Confidential" Materials shall be used solely in the preparation for trial and/or trial of the Action, and shall not be used at any time for any other purpose (other than by the Producing Party).

14.    "Confidential" Materials may be disclosed only to:

(i)    This Court, its clerks, and personnel (none of whom is required to execute the agreement attached hereto as Exhibit A, as set forth in Paragraph 15 below) in the course of the Action;

(ii)    Attorneys actively involved in the representation of a Party, their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Action;

(iii)    In-house attorneys employed by any Party and working on the Action, and their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Action;

(iv)    The Parties, including officers and employees of the Parties, assisting counsel in the preparation of the case for trial, motion practice or appellate proceedings, provided that the "Confidential" Materials may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

(v)    Any expert or consultant who is retained by any of the Parties or their counsel of record to assist counsel in the Action, and any employee of such an

**[PROPOSED] PROTECTIVE ORDER**

expert assisting in the Action (hereafter, "Experts"), but only to the extent necessary for the purpose of assisting in counsel's preparation of the case;

(vi)    Any person called to testify as a witness either at a deposition or court proceeding in the Action, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness;

(vii)   Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

(viii)  Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with the Action;

(ix)    Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in the Action; and

(x)     Any person who created a document or whom the creator, Producing Party or Designated Party intended to be the recipient thereof.

15.    Each person to whom "Confidential" Materials are disclosed (other than persons described in paragraphs 14(i), (vii), (viii), and (x)) shall execute an agreement to be bound by this protective order in the form attached hereto as Exhibit A prior to their receipt of the "Confidential" Materials, and shall agree to be bound by this Protective Order and to be subject to the jurisdiction of this Court for the purposes of enforcement, except that individuals identified in paragraphs 14(ii) and (iii) shall not be required to execute such an agreement, provided that counsel making disclosure to such individuals advises them of the terms of this Protective Order and they agree to be bound thereby.  Counsel disclosing "Confidential" Materials to persons required to execute non-disclosure agreements shall retain all such executed agreements.  Copies of the executed agreements shall be preserved by counsel and shall be provided to the opposing party if the court so orders upon a showing of good cause.

16.     Subject to the provisions of the Federal Rules of Civil Procedure, nothing in this Protective Order shall in any way limit the uses that the Parties may make of their own Confidential Information.  To the extent a Producing Party elects to publicly disclose Confidential Information in a court filing (by not filing such under seal), all other parties may do likewise unless the Producing Party previously advises that the disclosure was inadvertent.

**D.     USE IN COURT PROCEEDINGS – FILING OF COURT PAPERS.**

17.     Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before this Court any Confidential Information.

18.     If any papers to be filed with this Court contain Confidential Information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the Confidential Information (if such portion is segregable) under seal.  Any such application shall be directed to the Judge to whom the papers are directed.  For motions, the parties should also file a redacted version of the motion and supporting papers.  Nothing contained herein shall alter or limit the provisions of Central District of California Local Rule 79-5.1, with which the Parties are obligated to comply.

19.     Nothing in this Protective Order shall be dispositive of any issues of relevance, discoverability, or admissibility.

**E.     MODIFICATION.**

20.     Nothing in this Protective Order shall preclude any Party from applying to this Court to modify this Protective Order to provide for additional safeguards to ensure the confidentiality of Materials produced in this action or otherwise modify this Protective Order for good cause shown.  In the event that documents or information that warrant heightened protection as for "Attorney's Eyes Only" are requested to be produced, the Parties agree to negotiate in good faith to modify this Protective Order to provide for such protection and apply to the court for such modification.  No

modification of this Protective Order by the Parties shall have the force and effect of a court order unless this Court approves such modification.

**F.      DISPOSITION OF MATERIALS AT CONCLUSION OF CASE.**

21.      All "Confidential" Materials shall remain in the possession of the counsel of record of the Party to whom such materials are produced, and they shall not permit any such "Confidential" Materials to leave their possession, except that copies of such "Confidential" Materials may be made for the use of persons to whom disclosure may be made under paragraph 14(b) of this Protective Order, or for the purpose of submission to the court under paragraph 16 and 17 of this Protective Order.  Within sixty (60) days after this action is concluded, including the expiration or exhaustion of all rights to appeal, each Party to whom "Confidential" Materials were produced shall, at the election of the Party receiving the Materials, (a) return all documents and copies containing "Confidential" Materials (including, but not limited to, copies in the possession or control of any expert or employee) to the Producing Party, or (b) promptly destroy all such "Confidential" Materials and copies and provide a written certification under oath to the Producing Party and to any Designating Party to that effect.   Notwithstanding the above, each Party may retain one file copy of the Producing Party's Confidential Information as part of any Materials produced and may retain all such Confidential Information to the extent it is incorporated into any work-product materials and/or part of any submissions to this Court in the Action.  This provision shall be construed within reason.

22.      This Protective Order shall continue to be binding throughout the Action and after its conclusion.  A settlement or final judgment in the Action shall not relieve any person to whom Confidential Information has been disclosed from the obligation of maintaining the confidentiality of such information as set forth herein.

///

///

**G.     ADDITIONAL PROVISIONS.**

23.     This Court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this action and for such time thereafter as is needed to carry out its terms.

24.     Nothing in this Order shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

25.     Any violation of the terms of this Protective Order may be punishable by money damages, sanctions, contempt of court citation, or such other or additional relief as this Court deems appropriate.  The foregoing remedies are in addition to any other common law or statutory relief that may be available for violation of the terms of this Protective Order.


        IT IS SO ORDERED


                                                /s/ Andrew J. Wistrich

DATED:   March 5, 2013          _____
                                      Hon. Andrew J. Wistrich
                                      United States Magistrate Judge

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   BARNEY NG,                              Case No. 2:12-cv-08942-MMM (AJWx)

                    Plaintiff,               **EXHIBIT A – AGREEMENT TO BE**
12                                           **BOUND BY PROTECTIVE ORDER**

13        vs.

     WELLS FARGO FOOTHILL LLC, *et*          **DISCOVERY MATTER**
14   *al.*,

15                    Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, _____, declare as follows:

2         I have been requested by counsel for _____ to

3    assist with or review certain materials that I have been informed contain Confidential

4    Information within the terms of the Protective Order issued by the Court in the above-

5    captioned action, *Barney Ng v. Wells Fargo Foothill LLC et al.*, No. 2:12-cv-08942-

6    MMM (AJWx) (the "Action"), pending in the United States District Court for the

7    Central District of California.

8         I have read the Protective Order entered in the Action and am familiar with its

9    terms.  On behalf of myself and the business organization with which I am employed

10   or affiliated, if one exists, I agree to comply with and be bound by the Protective Order

11   and agree not to disclose any Confidential Information.  I also agree to use such

12   Confidential Information to assist counsel only in the Action and not for any other

13   purpose whatsoever.

14        I hereby submit myself and my business organization, if one exists, to the

15   jurisdiction of the United State District Court for the Central District of California for

16   the limited purpose of any proceeding relating to performance under, compliance with,

17   or violation of the Protective Order.

18        I declare under penalty of perjury under the laws of the United States that the

19   above is a true and correct statement.

20

21   Date:_____   Signed:_____

22

23

24

25

26

27

28

---
1

**EXHIBIT A TO [PROPOSED] PROTECTIVE ORDER**